Filed 9/25/23  P. v. Oliveira CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>FERNANDO OLIVEIRA,<br><br>   Defendant and Appellant. | 2d Crim. No.B328292<br>(Super. Ct. No. VA053200)<br>(Los Angeles County) |

Fernando Oliveira appeals an order denying his petition for resentencing.  (Pen. Code, § 1172.6.)[1]  In 1999, Oliveira was convicted of attempted second degree murder, mayhem, and spousal battery, with findings that he personally used a firearm and inflicted great bodily injury.  (§§ 664, 187, subd. (a), 203, 273.5, subd. (a), 12022.5, subd. (a), 12022.53, subd. (d), 12022.7, subd. (a).)  He was sentenced to 34 years to life in prison.  The trial court denied his 2022 petition for resentencing without issuing an order to show cause for an evidentiary hearing.

---

[1] All statutory references are to the Penal Code.

We appointed counsel for Oliveira for this appeal. Counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, stating he was unable to brief any arguable issues. Oliveira filed a supplemental brief and claims the trial court erred because he made a prima facie showing for the issuance of an order to show cause. We conclude, among other things, that the trial court did not err. We affirm.

FACTS

Oliveira and his wife Maria were married for 21 years. Oliveira frequently abused his wife. He had threatened to kill her and the children. To avoid Oliveira's abuse, Maria frequently stayed with Maria's mother.

During the afternoon of May 7, 1998, Oliveira was drinking and angry. That evening, Maria went to the family home alone to determine Oliveira's mood. She unlocked the front door and quietly opened it to prevent awakening him. She walked toward the bedroom to see if Oliverira was asleep. As she neared the room, she heard a noise and fell backward onto the floor. Oliveira had shot Maria in the neck. Olivera instructed his daughters not to call the police.

DISCUSSION

Oliveira claims he could not be convicted of attempted murder because of changes to the law required by Senate Bill No. 1437 (2017-2018 Reg.Sess). We disagree.

"Senate Bill 1437 'amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v.*

*Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417.)  In 2021, the Legislature passed Senate Bill No. 775 (2021 Reg. Sess.).  It allowed defendants convicted of attempted murder to file resentencing petitions.  (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 891.)  But relief is not available to defendants convicted of attempted murder who are the actual shooters.  (*Id.* at p. 893.)

Here the trial court's instruction to the jury on attempted murder did not include the natural and probable consequences doctrine, an instruction on felony murder, or an instruction allowing the jury to impute malice.  It required the jury to find Oliveira had "a specific intent to kill" and find that he "harbored express malice aforethought."  After finding Oliveira guilty of attempted second degree murder, the jury also found he "personally and intentionally discharged a firearm."

In denying his 2022 resentencing petition, the trial court found Oliveira was not "eligible for resentencing, because he was the actual shooter of his wife."  Oliveira has not cited to the record to challenge this finding.  Nor has he shown any instructional error on attempted murder or any instruction that would ask jurors to impute malice.  "As *the* attempted murderer, [Oliveira] is 'ineligible for relief' as 'a matter of law.' " (*People v. Hurtado, supra,* 89 Cal.App.5th at p. 893.)

DISPOSITION

The order denying Oliveira's resentencing petition is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

BALTODANO, J.

CODY, J.

4

Maria Andrea Davalos, Judge

Superior Court County of Los Angeles

_____

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.